IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:24-cr-00008 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID ANTHONY RUDMIN | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant, David Anthony Rudmin ("Rudmin"), proceeding *pro se*, filed a "Motion for Notice of Removal (Change of Venue)" requesting that his state criminal prosecution be removed to this court. (Dkt. No. 1.) For the reasons that follow, the request will be denied and this case will be remanded to state court.

Based on Rudmin's filing and attached exhibits, he was arrested in Rockingham County on January 31, 2024, and charged with violating Virginia Code Ann. § 18.2-128. That statute makes it a Class I misdemeanor to "enter upon or remain upon church or school property" after having been "direct[ed] to vacate the property by a person authorized to give such direction" or in violation of a "posted notice." (Dkt. No. 1-1, at 5 (copy of Rudmin's arrest warrant, which quotes from the language in the statute).) According to his exhibits, and confirmed by available information about his case online, Rudmin's case was scheduled for a hearing February 12, 2024, in the Rockingham County General District Court, and it is scheduled for a trial on May 1, 2024. (*Id.* at 2, 5.) He now requests a removal of his criminal action to federal court claiming that at least half of his "contentions of innocence" will be "based upon 1st Amendment Law." (Dkt. No. 1, at 1.)

The only provisions Rudmin cites in his filing are 28 U.S.C. § 1331, which applies only to civil actions, and 28 U.S.C. § 1455(b)(1), which sets forth the *procedural* requirements for

removing a criminal action. Although Rudmin states that he does not know when his arraignment was, all of the information he has presented suggests that it occurred more than thirty days before the filing of his notice of removal, so his notice of removal likely is untimely. *See* 28 U.S.C. § 1455(b)(1) (requiring that, absent leave of court upon a showing of good cause, a notice of removal must be filed not later than 30 days after arraignment or before trial, whichever is *earlier*).

Furthermore, removal here is improper because Rudmin cannot satisfy the substantive requirements to remove a state criminal action. Removal of this criminal action is proper only if Rudmin meets the substantive requirements of 28 U.S.C. § 1443.[1] That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *Greenwood v. Peacock*, 384 U.S. 808, 824 n.22 (1966). Thus, Rudmin must demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

A "[p]rerequisite to a removal of a pending criminal prosecution under 28 U.S.C. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*,

---

[1] Certain criminal cases are removable under 28 U.S.C. § 1442 in other narrow circumstances, but Rudmin's case is not removable under that provision. *See* 28 U.S.C. § 1442.

447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted).  In particular, "a defendant must show (1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicated by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'"  *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (quoting *Greenwood*, 384 U.S. at 828).

Rudmin's notice of removal does not allege any racial discrimination so as to satisfy the first of those two requirements.  And his conclusory statement that he intends to rely on the First Amendment as a defense, or "Constitutional law more generally," (*see* Dkt. No. 1), does not satisfy the second.  *See Johnson v. Mississippi*, 421 U.S. 213, 219 ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability . . . will not suffice" under § 1443(1)); *see also Vlaming v. West Point School Bd.*, 10 F. 4th 300, 309–10 (4th Cir. 2021) (explaining that, pursuant to *Georgia v. Rachel*, which remained binding law, a claim that a criminal proceeding violated the First Amendment did not satisfy § 1443(1)).  Moreover, Section 1443(1) is not satisfied because Rudmin "has failed to allege that his federal rights cannot be redressed at the appellate level in the [Virginia] judicial system."  *Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976).

Rudmin has failed to demonstrate that his criminal case can be removed to this court or that this court could exercise jurisdiction over it.  Because this court lacks jurisdiction, the case must be remanded to the Rockingham County General District Court.[2]  *See Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012) (concluding "the proper disposition upon a

---

[2] Rudmin does not indicate whether he has filed a notice of removal in state court, or only in this court.  If he has not filed his notice of removal in state court, there may be no case to remand.

determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action" (citing 28 U.S.C. §§ 1446(c)(3), (4), 1447(c); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)).

## CONCLUSION AND ORDER

For the foregoing reasons, Rudmin's request to remove his state criminal proceedings to this court (Dkt. No. 1) is DENIED, and to the extent the case can be considered "removed," it is hereby REMANDED. The Clerk is directed to strike this matter from the active docket of the court and to send a copy of this memorandum and order to the *pro se* defendant and to the Clerk of the Rockingham County General District Court.

Entered: April 29, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge